Good morning, Your Honors. My name is Matt Christensen. I represent Noah Hillen, the Bankruptcy Trustee for Shiloh Management Services, Inc., which is an Idaho corporation. I would like to reserve approximately two minutes of my time for a rebuttal argument. The case here is a bankruptcy trustee who is trying to avoid certain deeds of trust based on notary acknowledgments included in those deeds of trust. It's a very state law-specific issue. Idaho legislature has specific statutes requiring different notary acknowledgment forms depending on who it is that's doing the signing of the document. In this case, it's deeds of trust signed by a corporation, so the corporate notary form is what would be required. There are several Idaho cases that deal specifically with these statutes and these issues. I think they can be split into two different categories. The first couple of cases, two cases, Idaho Supreme Court recognized that a notary acknowledgment form can be reformed in certain circumstances. The first of those cases was the Farm Bureau case in 1980. That case required a personal notary acknowledgment, and that's the form that was used in that document. The deficiency was they forgot to write the name of the person who actually signed the document. There's a presumption of regularity. Is that a fair summary? There's a presumption of regularity, but you've got to use the right form. I think that's a perfect assessment. And that case recognized that there is a rebuttable presumption. If you don't use the right form, the presumption doesn't exist. So I have a question about Big Grain, right? Big River Grain. Yes, Big River. Oh, I forgot the river part. Sorry. Big River Grain. Is that distinguishable? I think it is Big River Grain that required a corporate acknowledgement, but they used the personal acknowledgment form. That's why I think there's two separate categories of Idaho cases. The first category, the form that was required was the form that was used. There was just simply something left out of that form or not filled into the form. The separate category of cases, there was a certain form required, but a different form was used. That is the Jordan case and the Saladay case from 2017. All right, but what about Big River Grain? Big River Grain is distinguishable from the Idaho cases because the Idaho cases where the wrong form was used very clearly say you cannot reform a completely wrong form. Big River Grain did that. Maybe I'm not asking my question very clearly, and probably not, so forgive me. But my question is how do you distinguish this case from Big River Grain? I think in this case you've got Idaho cases that came after Big River Grain. That just reiterated what Idaho had said before Big River Grain, right? They don't really materially change the rule in Idaho. They haven't materially changed the rule in Idaho. The Saladay case reiterated the Jordan case from 1957. Right. So I have a real question. Here's our conundrum. Right. We do not have the authority as a three-judge panel to overrule a prior case. Of the Ninth Circuit. Of the Ninth Circuit. Now, from time to time, of course, the Ninth Circuit has to interpret state law. Correct. And one might actually come to the conclusion that Big River was an incorrect interpretation for all the reasons that you're talking about. And then after Big River, there are additional cases, but they don't really change Idaho law. So unless somehow Big River doesn't govern here, we're stuck with it. So the real question for both counsel is this continuing vitality of Big River, which we can't change its interpretation of Idaho law. So do you see the real question we're trying to untangle? I do. I do. And I think the first issue I would say is that the Big River case was decided. The difference between that case and this case now is the, well, one of the differences, at least, is the subsequent Idaho cases that clarified the incorrect form. I think in Big River, the court decided that the correct form was used. I don't have the exact citation here, but they didn't even address the issue of, hey, we're using a personal acknowledgment rather than a corporate acknowledgment. So one difference might be the later Idaho cases you're talking about were situations where the incorrect form was used. That would be the Saladay case from 2017. In that case, a very incorrect form was used. Right, but that's true. I think that rule goes back to Carney, 1957, as you acknowledge. And so I just want to really give you a fair opportunity to respond. But it seems to me that Idaho has been pretty darn consistent since 1957 about saying you've got to use the right form, that that's not just a technical error. I agree with that. That can be reformed. The technical errors that can be reformed are those that appear when you use the correct form and simply leave something out. Right. Okay. Go ahead. So I'm just trying to get back to that being the case that strikes me. So Judge McKeown was asking, what's newer difference? It's Big River grain. If Idaho state law had been clarified or changed, then that would give us grounds, I think, arguably, to reach a different result than Big River grain. But I actually think, and I want you to correct me, what am I missing? It seems to me that Idaho has been entirely consistent. Idaho has been entirely consistent. There was a case after Big River grain a year later, the New Concepts Realty case. It wasn't asked to address Big River drain in that case. And, again, New Concepts Realty was a personal acknowledgement form that was required and a personal form that was used. So in that case, though, the thing that allowed a different result is that there's an affidavit by a notary saying, look, I know these people personally, and that was deemed sufficient. So it seems to me to be kind of off point. I think it's off point. I guess my point was is that that case, post Big River grain, didn't actually change Big River grain. The legislature did change the notary statute in 2017 and greatly relaxed the requirements. That is an indication that Idaho is lightening up. I would agree with that. Right, there is that, and taking a less formalistic, because these are very technical differences, it seems. The difference between the two forms for the notary acknowledgement are very technical differences. Right. And I think Idaho has been consistent in using the wrong form means you're out. It's not a properly recorded document. I guess where I'm struggling is if they've been consistent and the Big River case came down after Idaho law was clear and consistent, then how can this panel overrule Big River? I think the assumption in the Big River case was that a corporate acknowledgement form was used because it identified the person's. I thought you said that was the law since 1957 in Idaho. In 1957, if the incorrect notary form was used, then it couldn't be reformed. The assumption in Big River, I think, was that the correct notary form had been used and, therefore, it could be reformed. I don't know that there's a specific statement in Big River acknowledging that, but they don't even discuss the wrong form being used because it does identify him as president of Big River Corporation. Do you want to save your time? I do want to reserve the rest of my time. Thank you. Thank you, Your Honors. My name is Gary Itz, and I represent the nominal defendants and appellees in this appeal case. And as you have asked questions, it shows your intimate knowledge of the facts of our case, but basically it turns on whether deeds of trust that are recorded in the state of Idaho should be voided and thrown out as giving no constructive notice to a trustee to exercise its avoidance powers as trustee under Section 544 of the Bankruptcy Code, essentially throwing out millions of dollars of secured transactions, which in my client's cases are their retirement savings. So to address the statute, what we're talking about is Idaho Code Section 55711, and it talks about what is the proper form for corporate acknowledgment. And essentially our case law says that there are two legs to that acknowledgment. It basically says that you have to identify who the individual is and that the individual has some capacity as a corporate officer, and secondly that that individual is executing the document on behalf of the entity that is signing the instrument. There's no dispute that there is one missing leg in all of these deeds of trust, not that there's not a reference to the corporate identity of the individual signing. In every case, it's Nate Piles, who is the president. Every one of these notaries properly identifies him as a corporate officer, identifies him in that capacity. It's just not clear if he's acting in that capacity, right? I'm sorry? It's just not clear whether he's acting in that capacity, it seems to me. That's the issue, right? He signs, and the notary acknowledges that he's doing it on behalf of the entity. It's not the form, though, right? It's just that your time is ticking, and I think I'm not trying to – these are not trick questions. I'm just trying to get to – are you disputing that the incorrect form was used? I would argue that this is a hybrid form, that what we have is – because it includes the reference to a corporate officer, I think it's not an individual. It is clearly not an individual form of notary acknowledgment. Or is it distinguishable from Big River? Is it distinguishable from Big River? I think it's squarely on point with Big River. Big River is our case. There's no distinction, I don't believe. What you have is a corporate officer signing on behalf of an entity who then leaves out the missing magic words that I'm signing it on behalf of the entity, but clearly is identified as a corporate officer. That is Big River Grain. The other thing I would note – May I just ask you – we've been debating to some degree whether correct or incorrect forms are used. In Big River, it was the correct form. Is that right? I would say, again, it was a hybrid form. It wasn't an individual notary acknowledgment form because it, again, did reference that the individual signing – So it was a corporate form. Well, it was a corporate form with the distinction that it left out the reference to I'm signing this on behalf of the entity. So what's the difference? Then you talk about a hybrid form. Is your hybrid form different in nature from the whatever form was used in Big River? I would say this, Your Honor. Well, the first answer is yes or no, and then you might say that, whatever you're going to say. Then I would say yes. I think it's closer to the corporate form than it is to the individual form because it references a corporate person. It references a corporate officer acting on behalf of an entity. I don't understand. Is it the same or different in the form as Big River? It's the same as what was used in Big River. It's virtually identical. But the thing that I'd like to draw the panel's attention to is that these issues, going back to the Jordan case, the old 1957 case, that was a chattel mortgage case. And so you had no reference to the individual being a corporate officer. I mean, that's so distinguishable. To me, that's really the wrong place to begin. The proper place to begin is you look at the statute, and the statute says in the language that's in the statute says substantial compliance. And all of our case law, all of our prior case law has made reference to that language. So long as it is in substantial compliance with the statute, and the language we're talking about isn't magic language. The statute specifically says so long as it's safe harbor language. If you use this form, you're golden. But it's not an absolute. In fairness, Idaho, just so you have an opportunity to respond to the trustee's argument, Idaho Supreme Court has construed this pretty strictly in some cases, right, where they have said you can reform a lot, and there's a presumption of regularity, but you've got to use the right form. Reform, Your Honor, I'd say. It seems to me a stronger argument for you is that we're bound by Big River grain. If it's truly indistinguishable, and I don't mean to put words in your mouth, but the Idaho court has done what it's done in terms of that seems to me the line in the sand. It is the trustee's argument that the one thing you can't do is, we can't do is pretend that the correct form was used. The form issue isn't addressed in the case law that we're talking about. The one case that the trustee relies on heavily is this case Saladay. Saladay is a totally different holding. The language they're quoting is dicta. The case had to do with notice about tax deeds, and what they were relying on there was basically did the notice that went to, essentially, the personal representative and not to the nominal purchaser under the contract of sale. And, again, I would say that that was dicta, and I don't think that necessarily harms our argument. Given the substantial or the significant implications here, do you think we should ask the Idaho Supreme Court what the answer is in terms of Idaho law? That's a very good point. I think that is exactly what happened in the two cases that we've talked about, the Ninth Circuit Court of Appeals case in Big River Grain and then in the New Concepts Realty. New Concepts Realty is exactly what the trustee here tried to do, which was got a decision out of the bankruptcy court that was favorable, appealed, and then he took it to the Ninth Circuit. The Ninth Circuit said, let's certify that to the state supreme court, which they did. And our state supreme court, the final word on this is New Concepts Realty. And New Concepts Realty says, if you can determine the missing two ingredients, was it a corporate officer? Were they executing on behalf of the entity? If you can find that within the four corners of the document. That's not within the four corners. This is the case, New Concepts is the case where there's a separate. Oh, I'm sorry. Excuse me. Essentially, to make your point, they did begin with the presumption that there's a valid acknowledgement, if you're beginning with that. But the overriding point there was that you don't have to have strict compliance with the language used in 55-711. And that to throw out these deeds of trust that have been properly recorded, our supreme court said that would be to exalt form over substance. Well, your legislature has changed the statute. And do you agree with opposing counsel's view that the recent statutory change indicates that Idaho is going to look at this with or require less strict compliance? I think that, to me, that's a red herring, whether the statute was amended. I think it is less strict, if you will. But I think that amendment to the statute for notary acknowledgments came as sort of our uniform law's overview and updates to the statute's dealing with notary acknowledgments, not because there was a question. This issue was concluded decisively in 1984 after we had Big River Green and we had New Concepts Realty. There has never been a challenge in the state of Idaho questioning whether a notary acknowledgement that has the missing information and uses a reference to a corporate identity, an entity of the corporation. Those have never been challenged. Maybe I misunderstood you, but did you say that in the Big River case they had certified that to the Idaho Supreme Court? The one that was certified, I misspoke there, Your Honor, was the New Concepts Realty. Okay. I just wanted to double check. In 1984. Yes. Thank you. Because I didn't think that Big River was certified. Thank you. To summarize, because I'm down to my last minute, I don't think that the Saladay case stands for the proposition that the trustee would have you assume it does, that you're dealing in that case with a personal representative of the state who uses a simple juror and doesn't even pretend to use an acknowledgment form at all. So I don't think that's relevant. I think that when you look at the cases that Idaho Supreme Court has decided, it says if you can find that information, and so long as there's a reference, you've got to have a reference to a corporate officer. I think that is there, and that is what we have in this case. I think what we clearly have is the Big River Grain case being re-argued 20-some years later on the same basic fact pattern. Do you know if the deed of trust here was drafted by an attorney or by an in-house bank loan official? It was the debtor-defendant. His name was Nathan Piles, and he did these himself. Thank you for your time. Thank you. Your Honors, addressing the Big River case first, I would disagree that that was a corporate form used in that case. It's pretty clearly a personal acknowledgment form that they just included a single reference to his corporate office right after his identifying name. The two of you seem to agree that it's indistinguishable from this case. From this case. The language is a little bit different, but generally it's virtually the same acknowledgment form here that was used in the Big River case. I think in the Big River case, again, the court there determined that to be a corporate form and allowed the reformation through that case. Are you arguing that Big River was wrongly decided? Generally, yes. I think it was wrongly decided because the court didn't recognize that it was a different form than was required. It determined it to be a corporate form when it wasn't actually a corporate form. The only two cases in Idaho where incorrect forms were used, the Saladay case and the Jordan case, Idaho has been pretty clear that the reformation of those deeds is inappropriate. Counsel stated that the Idaho rule is if you can find the information somewhere in the document, then we'll allow that form to be reformed. I think that's true if the notary acknowledgment begins with the correct form, but it doesn't. In this case, the form used is a personal form that was simply reformed with an addition of his corporate office. Unless there's more questions, I have nothing further. No, I think not. Thank you. Shiloh v. Hillen is submitted. Thank you for the briefing, and also thank you for coming over from Idaho.
judges: McKeown, Christen, Harpool